LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision affirming the trial court’s decision that the entries included in Protest I and II must be reliquidated at the lower duty rates determined by the administrative review process. Section 1504(d), the relevant provision at issue in this appeal, provides that:
When a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry within 6 months after receiving notice of the removal from the Department • of Commerce, other agency, or a court with jurisdiction over the entry. Any entry not liquidated by the Customs Service within 6 months after receiving such *1244 notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.
19 U.S.C. § 1504(d) (emphasis added). Based on the plain language of the statute, entries are deemed liquidated by operation of law at the rate asserted at the time of entry in the event that those entries are not liquidated within six months from the date Customs received notice of the removal of suspension of liquidation. In my view, there is nothing in the statutory language indicating that such deemed liquidation only occurs when the merchandise is entered at a rate of duty that is lower than the final assessment rate determined by Commerce. Nor do I find that following the statute would lead to an absurd result, as the trial court so found. The purpose of the statutory provision is certainty and finality, and those goals are achieved even when the rate asserted at entry is higher than the final assessment rate. While an importer would appear to be penalized by Customs’ delay, that is the result of the statutory provision.
While the majority acknowledges that Koyo’s entries “were deemed liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) at the duty rates asserted by Koyo at the time of entry,” op. at 1237, the majority further holds that “the deemed liquidation statute [becomes] unnecessary in determining the proper rate of duty that Customs should apply to entries deemed liquidated” in the event an importer files a timely protest. Id. at 1241. Respectfully, I disagree that the statute warrants such a result. While an importer may file a protest under § 1514(a), the relevant inquiry in the protest is whether Customs properly concluded that the entries were deemed liquidated by operation of law. As we stated in Fujitsu General America, Inc. v. United States, 283 F.3d 1364, 1376 (Fed.Cir.2002), in order for deemed liquidation to occur, “(1) the suspension of liquidation that was in place must have been removed; (2) Customs must have received notice of the removal of the suspension; and (3) Customs must not liquidate the entry at issue within six months of receiving such notice.” Those three requirements were met here. Accordingly, pursuant to § 1504(d), it is my view that the entries were deemed liquidated by operation of law and should have been liquidated at the duty rates asserted at the time of entry, as provided for by statute.
Thus, for the foregoing reasons, I would reverse the trial court’s decision.